Dureee, C. J.
 

 The principal question is whether a voluntary assignment executed by an insolvent debtor or by a debtor in contemplation of insolvency, under Pub. Laws R. I. cap. 723, § 1, of June 20, 1878, for the purpose of dissolving an attachment, has an effect likewise to avoid preferences given by the assignor to his creditors, within sixty days prior to the assignment. The complainant contends that it has this effect under § 4. That section declares that “ conveyances and payments made and securities given by an insolvent debtor, or by a debtor in contemplation of insolvency, within sixty days of the commencement of proceedings against such debtor under this act, with the view of giving a preference to any creditor upon a preexisting debt, or to any person under liability for such debtor, over another creditor, shall be void as to all creditors receiving the same who shall have reasonable cause to believe that such debtor was insolvent at the time of such preference.”
 

 The complainant contends that the assignment was “ the commencement of proceedings against the debtor under the act.” We think such a construction is inadmissible. The assignment is a proceeding
 
 ly
 
 and not
 
 against
 
 the debtor. The debtor makes it himself of his own accord, and therefore it cannot, without doing violence to the language, be held to be a proceeding against him. The language is appropriate only to the commencement of some legal proceeding against the debtor under the act.
 

 We think it is quite clear that the object of § 1 is to take advantage of the displeasure which a debtor naturally feels when
 
 *466
 
 bis property is attacked, and to hold out an inducement to him to make an assignment for the equal benefit of all his creditors by providing that the assignment, if made in sixty days after the attachment, shall dissolve it. If the object had been to have the assignment avoid all preferences created within sixty days, we can conceive of no reason why the legislature should have limited the right to make an assignment having this effect to the case where there had been a previous attachment or levy on the property of the assignor.
 

 Charles Hart $ William Cr. Roellcer,
 
 for complainant.
 

 Thurston Sf Ripley,
 
 for respondents.
 

 We also think the assignment is to be regarded as a voluntary assignment, and consequently that the assignee succeeds only to the rights of his assignor. He cannot maintain a suit like this.
 

 Demurrer sustained.