GEORGE A. WESTON, Receiver, *vs.* JOEL SUMNER and another.

January 24, 1884.

Insolvency—Preference.—A conveyance (mortgage) by an insolvent debtor to a creditor securing a preference, the same being given and recorded less than 60 days prior to the commencement of insolvency proceedings, under the insolvent law of 1881, by the filing of a creditors' petition, is not avoided by force of that statute, although there has been no change of possession of the property, if the creditor receiving such conveyance had not cause to believe the grantor to be insolvent.

Same—Conveyance by Debtor to his Sureties.—The statute places sureties for an insolvent debtor in the same position as creditors, as respects the validity of conveyances securing a preference.

Appeal by defendants from an order of the district court for Rice county, *Buckham*, J., presiding, sustaining the plaintiff's demurrer to a portion of the answer.    The case is stated in the opinion.

*Perkins & Whipple,* for appellants.

Laws 1881, *c.* 148, § 4, speaks of two classes of instruments, to wit, those executed within the four months, and those not executed within the four months. As to the former, they are only void if taken by one who has reasonable cause to believe that the debtor is insolvent; and as to the latter, they are void, whether executed in good or bad faith, if not filed before the commencement of such "sixty days." This construction is plain upon considering Laws 1881, Ex. Sess. *c.* 23, by which "four months" is inserted in section 4, instead of the words "such sixty days." This amendment was clearly made to cure an inadvertence. As amended, the law could not be construed to refer to a class of instruments which were not even executed at the commencement of such four months.

*A. D. Keyes,* for respondent.

DICKINSON, J.   It appears by the complaint that on the first day of December, 1881, insolvency proceedings were instituted against the Faribault Windmill Company in the district court, under the insolvent law of 1881, (Laws 1881, *c.* 148,) by the filing of a petition by creditors. Thereupon, and pursuant to that statute, this plaintiff was appointed receiver, and he has commenced these actions for the purpose of having adjudged void a chattel mortgage and a real-estate mortgage, executed by the Windmill Company to the respective defendants on the 19th day of November, 1881, and filed for record on the 25th of the same month. The defendants were under legal liability as sureties for the insolvent debtor, and the mortgages were given to secure them in respect to such liability. By means of the mortgages the defendants obtained a preference over other creditors. There was no change or transfer of possession of the mortgaged property. The answer alleges that the mortgages were not given with a view of giving a preference to the defendants, and that, when they were given, the defendants had no reason to believe, and did not believe, that the mortgagor was insolvent. The case comes here by appeal from an order sustaining a demurrer to this answer.

In *Weston* v. *Loyhed,* 30 Minn. 221, construing this statute, we decided that it avoided a conveyance of property made by an insolvent debtor, with a view of giving a preference, within four months prior

to the commencement of insolvency proceedings by the filing of a creditors' petition, the grantee having cause to believe his grantor insolvent.    We have now to consider whether such conveyances, when made and filed for record less than 60 days prior to the filing of the creditors' petition, there being no delivery or change of possession of the property, are avoided, the grantee *not* having cause to believe his grantor insolvent.

Section 4 of the act, so far as we are to consider it, is as follows: "Conveyances    *    *    *    made and securities given by any insolvent debtor, or a debtor in contemplation of insolvency, within four months of making an assignment, as provided in section one of this act, with a view of giving a preference to any creditor upon a pre-existing debt, or to any persons under liability for such debtor over another, shall be void as to all creditors or persons receiving the same who shall have reasonable cause to believe that such debtor was insolvent; and all such conveyances made and securities given at any time, unaccompanied with a delivery or change of possession of the property to the grantee, unless the instrument containing the grant or conveyance shall have been duly filed or docketed before the commencement of such sixty days, shall be void, as a preference, as to any creditor."

The fact alleged in the answer and admitted by the demurrer, that the defendants had no reason to believe, and did not believe, that the mortgagor was insolvent, presents a case not within the first part of the section above recited.    That applies only to cases where the person receiving the conveyance, payment, or security had cause to believe the debtor to be insolvent.    The most satisfactory construction we are able to place upon the succeeding part of this section gives to it this meaning: All such conveyances made and securities given, (that is, conveyances and securities given by an insolvent debtor, or by a debtor in contemplation of insolvency,) at any time, (being more than 60 days prior to the commencement of insolvency proceedings,) unaccompanied with a delivery or change of possession of the property, unless the instrument containing the grant or conveyance shall have been duly placed on record prior to such period of 60 days, shall be void as a preference (that is, shall not be allowed to stand, and

have effect as a preference) as to any creditor, (whether or not he had reason to believe the debtor insolvent.) The purpose of this part of the statute is to avoid undisclosed, secret conveyances, by which actual fraud is so often perpetrated, and which, if allowed to stand, would frequently afford a means of frustrating the general objects of the law. The placing on record of the instrument by which a transfer is effected, is a substitute, within the purposes of the act, for a change of possession. Being so regarded, the provision making void conveyances for non-delivery of possession is not to be construed as extending beyond the limit prescribed for recording such conveyances. A conveyance within the period when the recording shall answer the purposes of a delivery of the property is within the terms of the act, and is void if not recorded. It is void as to "any creditors." The property remaining in possession of the debtor, and the instrument being unrecorded, it is conclusively deemed to be void. But a conveyance made after the time when it may with effect be recorded, is not made void by this part of the act. It is void only as it may fall within the operation of the former part of the section. The limitation here prescribed, and expressed in the words "before the commencement of such sixty days," must be regarded as a period measured from the time of instituting insolvency proceedings. The four-months' limitation in the former part of the section is established with reference to that event, and the statute suggests no other event or period of time as that from which computation is to be made.

In thus expressing our views as to the effect of this statute, we would not be understood as intimating that conveyances which are not avoided by it may not be void under our statute of frauds, or the statutes relating to the recording of such instruments. We do not consider that this insolvent law modifies those statutes. It follows, from this construction, that conveyances and securities given and filed less than 60 days prior to the instituting of insolvency proceedings, as was the case in respect to the mortgages in question, are not avoided by force of this insolvent law, merely by reason of there having been no change of possession. If, however, the person receiving the same had reasonable cause to believe the debtor insolvent, they

are avoided by force of the first part of this section. We consider, therefore, that the demurrer to the answer should have been overruled.

Although the defendants alleged to have been preferred were only sureties for the insolvent debtor, the provisions of the statute applicable have the same force as in respect to actual creditors.

Order reversed.