HENRY L. MOORE, Receiver, *vs.* JOSEPH M. HAYES.

May 22, 1886.

**Conversion—Lawful Possession—Taking in Replevin.**—A creditor to whom an insolvent debtor had sold and delivered personal property in payment of his debt, but from whom the property had been taken in replevin by another creditor claiming title from the insolvent debtor, is not liable in an action by the receiver of the insolvent debtor for the value of the property, the former possession not having been wrongful.

**Insolvency—Action by Receiver—Leave of Court.**—The receiver of an insolvent debtor, under the statute, may maintain an action, without first obtaining leave from the court, to avoid a disposition of property whereby a creditor is preferred.

Plaintiff, as receiver of John H. Moork, an insolvent, brought this action in the district court for Hennepin county, to recover the value

of goods alleged to have been the property of the insolvent and to have been converted by the defendant to his own use. On the trial before *Lochren*, J., (a jury having been waived,) it appeared that prior to the filing of the petition in insolvency, Moork delivered the goods in question to the defendant, in full satisfaction of a debt, and that two days thereafter they were taken from defendant's possession on a writ of replevin in an action instituted by the Yallop-De Groot Company, which claimed title under a bill of sale from Moork. It also appeared that in the replevin suit this defendant recovered judgment for the sum of $800 against the Yallop-De Groot Company, and collected the same, with costs, on execution. On defendant's motion the action was dismissed. Plaintiff appeals from an order refusing a new trial. The property involved in this action is the same involved in the case of *Yallop-De Groot Co.* v. *Minn. & St. L. Ry. Co.*, 33 Minn. 482, (24 N. W. Rep. 185.)

*Noxon & Benton*, for appellant.

*A. B. Jackson*, for respondent.

DICKINSON, J. An insolvent debtor, Moork, delivered a quantity of goods to the defendant, a creditor, in satisfaction of his debt. Two days afterwards the debtor gave a bill of sale of the same goods to the Yallop-De Groot Company, another creditor, in satisfaction of its debt. The Yallop-De Groot Company then commencing an action for the recovery of the goods, against this defendant, took the property by proper process in that action from his possession, and afterwards delivered a part of the same to this plaintiff. In that action this defendant recovered from the plaintiffs therein the value of the property. While the remainder of the property was in the possession of the Yallop-De Groot Company, this plaintiff, who had then been appointed receiver in proceedings against Moork under the insolvent law of 1881, commenced this action to recover the value of the goods. Upon the trial, the above facts appearing, the court directed a nonsuit.

We think this was right, and for the reasons assigned by the court below. While the plaintiff might have recovered the goods from the persons having possession of them, he could not recover their value from this defendant, who had not such possession, unless, at least, the manner in which the defendant had previously acquired, held, or

disposed of the property had been such as to have rendered him liable as for a conversion, or for some other infringement of the rights of creditors. Such was not the case. The defendant's acquisition was lawful, as between the parties to the transaction, and his title was to be deemed valid, unless, by proceedings in favor of creditors, it should be avoided. Before the insolvency proceedings were instituted, and before any adverse claim was asserted against the defendant, the property was taken from him by legal process. For this he is not responsible, and he never again became possessed of the property. The recovery by him against the plaintiffs in the replevin action did not affect the rights of creditors, nor afford a ground for this action.

The respondent makes the points that only an *assignee*, and not a *receiver*, under the statute, can institute an action to avoid a disposition of property by which a creditor is preferred; and that such an action can be maintained only by leave of the court first obtained. Upon both points we decide to the contrary.

Order affirmed.