CHARLES P. NOYES, as Receiver, *vs.* C. E. GILL and others.

June 10, 1886.

The findings of fact by the trial court in this action *held* supported by the evidence.

The plaintiff, as receiver of the estate of C. E. Gill, an insolvent, brought this action in the district court for Pope county, to recover payments and set aside securities alleged to have been received by certain creditors of the insolvent by way of preference, and in fraud of the insolvent law. The action was tried before *Collins*, J., without a jury, and judgment was directed in favor of the plaintiff against the defendants Wyman, Mullin & Van Dyke, and in favor of the other defendant creditors. The plaintiff and the defendants Wyman, Mullin & Van Dyke appeal from an order refusing a new trial.

*James N. Granger*, for plaintiff.

*Smith & Reed*, for defendants Wyman, Mullin & Van Dyke.

*Lane & Dodge* and *A. B. Jackson*, for the other defendant creditors.

VANDERBURGH, J. Upon the evidence in this case the court found in favor of the defendants Geo. R. Newell & Co. and Coykendall & Co., and against the defendants Wyman, Mullin & Van Dyke. The sole question in each case is whether the findings and decision of the court are justified by the evidence. In respect to the first-mentioned firms, which prevailed in the court below, the only assignment of error is that it appeared by the testimony that they had reason to believe that Gill, whose estate is in controversy in these insolvency proceedings, was in fact insolvent when he sold out, and that the circumstances under which they received payment, and secured their claims in part, were such as to require investigation on their part, and put them upon inquiry, which would have led to the discovery of Gill's insolvency, and the fraudulent character of his sale to the defendant Brown.

The questions involved arise under the fourth section of the insolvent law of 1881, *c.* 148.

v.35m—19

A short time previous to the insolvency proceedings it seems that Gill sold out his stock of goods to the defendant Brown, in payment for which Brown assumed the payment of Gill's debts to the amount of the purchase price thereof. A portion of his debts to the several firms (defendants) was, by the mutual agreement of the parties, charged to Brown, and Gill was given credit therefor. The object of this action by the receiver is to reach the amount of such payments by Brown, as part of the assets of the insolvent. We have carefully examined the record of the evidence, and think there is sufficient to support the findings, as made by the court, as to each of the several firms. The evidence shows that Gill was in fact insolvent at the time, and it tends to prove that the firm of Wyman, Mullin & Van Dyke had reasonable ground to believe him insolvent, and that one of its members procured the purchaser, and assisted Gill in arranging the terms of payment so as to be made applicable to his indebtedness, which was large, and long past due; and that the scheme, if not in fact advised by them, was, at least, known to them, and was adopted with their approval, in order to secure their claim, or a portion of it, before legal proceedings should be instituted by other creditors.

On the other hand, the evidence offered on behalf of defendants Newell and Coykendall tended to disprove any fraudulent complicity by them in the transaction, and to prove that they had no knowledge or information of Gill's insolvency; but that, from the statement of his affairs furnished by him, they believed him able to pay his debts; and that they were ready and willing to extend him further credit; and that they did not understand that the sale made by Gill was compulsory or fraudulent, but that he desired to give his attention to other business, and for that reason, and because they were assured that the purchaser was responsible, they consented to transfer a part of his indebtedness in the belief that Gill had sufficient property and assets left to meet the balance of his indebtedness.

The case is not, perhaps, free from doubt, but the findings are supported by sufficient evidence, and cannot be treated as erroneous by this court.

Order affirmed.