MILTON J. DANIELS *vs.* BANK OF ZUMBROTA and others.

July 6, 1886.

**Insolvency Defined.**—*Daniels* v. *Palmer, ante,* p. 347, followed, as to what constitutes "insolvency," within the meaning of Laws 1881, *c.* 148.

**Same—"Reasonable Cause to Believe" Debtor Insolvent.**—To constitute "a reasonable cause to believe" that a debtor is insolvent, it is not enough that a creditor or purchaser has merely some cause to *suspect* his solvency. There must be knowledge of some fact or facts calculated to produce a *reasonable belief* that the debtor is insolvent. But if such facts are known to them as are clearly sufficient to put a person of ordi-

nary prudence upon inquiry, and if, with knowledge of such facts and circumstances, they fail to inquire or investigate, they are chargeable with the knowledge which such inquiry or investigation would have furnished them.

The plaintiff, as receiver in insolvency of the estates of William S. Wells and William B. Dickey, brought this action in the district court for Goodhue county, to set aside a transfer of stock of the Northwestern Land Company, made by the insolvents to the defendant the Bank of Zumbrota, as security for indebtedness due from Wells to the bank, and for the purpose, as alleged by plaintiff, of giving the bank a preference over Wells's other creditors. By consent of parties, there was submitted to a jury the single question of fact, whether the bank, when it received the transfer, had reasonable cause to believe that Wells was insolvent? At the trial, before *Crosby, J.,* the jury answered this question in the negative. A new trial was refused, judgment was entered for defendants, and the plaintiff appealed.

*Chas. C. Willson,* for appellant.

*W. C. Williston,* for respondents.

MITCHELL, J.   The decision of this case is controlled by *Daniels* v. *Palmer, ante,* p. 347, (decided at the present term,) the record disclosing the same error in the instruction of the court to the jury as to what constitutes insolvency within the meaning of Laws 1881, *c.* 148.

The appellant also assigns as error the refusal of the court to charge the jury that "the Bank of Zumbrota was required to exercise ordinary prudence in respect to the transfer of stock to it, and, if its officers failed to investigate when put upon inquiry, it is chargeable with all the knowledge which it is reasonable to suppose they would have acquired if they had made such investigation." We think appellant was entitled to have the substance, at least, of the proposition contained in this request given to the jury. It is undoubtedly true, as argued by respondents, that it is not enough that a party has some cause to *suspect* the solvency of a person, but he must have knowledge of some fact or facts calculated to produce *a reasonable belief of his insolvency.*   *Grant* v. *National Bank,* 97 U. S. 80; *Barbour*

v. *Priest*, 103 U. S. 293. But, on the other hand, purchasers are required to exercise ordinary prudence in respect to the title of the seller; and if such facts and circumstances are known to them as are clearly sufficient to put a person of ordinary prudence and discretion upon inquiry, and if, with knowledge of such facts and circumstances, they fail to investigate or inquire, they are chargeable with the knowledge which such investigation or inquiry would have furnished them. *Buchanan* v. *Smith*, 16 Wall. 277, 308; *Wager* v. *Hall*, Id. 584, 601; *Dutcher* v. *Wright*, 94 U. S. 553.

There are several other assignments of error, none of which, in our opinion, are well founded, and none of which require any special consideration. The evidence of Canfield, as to the verbal arrangement between the bank and Wells, when he made the two $5,000 loans, that they should be extended from time to time for a year, we think was competent; not, of course, for the purpose of contradicting the terms of the notes, but as possibly tending to show that the subsequent extensions were made in pursuance of this previous understanding, and not because of Wells's inability to pay his debts in the ordinary course of business. In this view of the case, that fact might have some bearing upon the question whether the bank, at the time it received this stock, had reasonable cause for believing that Wells was insolvent. But, for the errors already referred to, a new trial must be had.

Judgment reversed.