TIMOTHY H. BLISS *vs.* WILLIAM W. DOTY and others.

December 9, 1886.

**Insolvency—Right of Receiver to Avoid Preferences.**—A receiver appointed under section 2 of our insolvent act may, under section 4, Laws 1881, *c.* 148, avoid "conveyances and payments made and securities given" by his insolvent within four months of his (the receiver's) appointment.

On December 1, 1882, plaintiff was appointed receiver of the estate of Pauline Graeff, an insolvent debtor. As such receiver he brought this action in the district court of Olmsted county, to recover property alleged to have been transferred by the insolvent, on August 24, 1882, to the defendant Doty, with a view to give a preference, etc. A demurrer to the complaint was overruled by *Start,* J., and the defendants appealed.

*Lloyd Barber* and *R. H. Gove*, for appellants.

*Chas. C. Willson,* for respondent.

BERRY, J. We do not call to mind, nor are we referred to, any case in which this court has directly determined, in so many words, that section 4 of the insolvent act of 1881 (Laws 1881, *c.* 148) is applicable to involuntary proceedings under section 2 of that act. But in several cases we have not only assumed its applicability, but have made decisions upon that assumption which cannot be supported upon any other basis. *Weston* v. *Sumner,* 31 Minn. 456, (18 N. W. Rep. 149;) *Moore* v. *Hayes,* 35 Minn. 205, (28 N. W. Rep. 238;) *Noyes* v. *Gill,* 35 Minn. 289, (28 N. W. Rep. 711;) *Daniels* v. *Palmer,* 35 Minn. 347, (29 N. W. Rep. 162;) *Daniels* v. *Bank of Zumbrota,* 35 Minn. 351, (29 N. W. Rep. 165.) These cases are therefore *authority* for the assumption upon which they rest, viz., that section 4 is applicable as well to involuntary proceedings under section 2 as to voluntary proceedings under section 1.

If, however, the matter were *res nova,* we should have no hesitation in arriving at the same conclusion. It is true that the word "receiver" is not found in section 4; but no decisive significance is to

be attached to this circumstance, for it is evident that the words "assignee" and "receiver" are sometimes used in the act as equivalents; as, for instance, in lines 16 to 25 of section 1, as also in sections 6 and 8; and in sections 1 and 12 the word "assignment" appears to be used as including the proceedings by which an insolvent's property is vested in a receiver. We find, therefore, no difficulty in holding that a receiver appointed under section 2 is included in the term "assignee" in section 4, and that the word "assignment," found in that latter section, includes the proceedings by which the property of the insolvent is passed over to a receiver; and this construction is necessarily implied from the opinions of this court in the cases already cited.

Having arrived at this construction of section 4, it is a short step to the further conclusion that the clause, "within 4 months of making an assignment, as provided in section 1 of this act," applies both to the assignment, strictly so called, and to the appointment of a receiver. Manifestly this is the intention of the legislature; and to carry out this intention the words "as provided in section one" may, without violence, be held to refer to the receivership of the receiver mentioned in that section. This construction is in harmony with the whole spirit and purpose of the act. It applies the same rule to involuntary as to voluntary proceedings in a particular as to which there is no perceptible reason for a distinction; and, as a consideration of much weight, it is to be added that, inasmuch as a receiver is clearly authorized to avoid preferential acts of the insolvent, as has been held in the cases cited, as also in *Weston* v. *Loyhed*, 30 Minn. 221, (14 N. W. Rep. 892,) there is no statutory limitation as to how far in time he may reach back to do this, unless it is found in the four-months clause of section 4. For these reasons, and others might be added, we are of opinion that a receiver appointed under section 2 of our insolvent act may, under section 4, avoid "conveyances and payments made and securities given" by his insolvent within four months of his (the receiver's) appointment.

The order overruling defendants' demurrer to the complaint is accordingly affirmed.