MARKET NATIONAL BANK *vs.* HEINTZEMAN & COMPANY.

The assignee in an instrument of assignment executed under Pub. Stat. R. I. cap. 237, § 12, has the same power to vacate preferences made by his assignors, within sixty days before the assignment, as a receiver has who is appointed under § 13 of the same chapter.

*James* v. *Mechanics' National Bank,* 12 R. I. 460, distinguished.

PETITION for the appointment of a receiver under Public Statutes R. I. cap. 237, § 13.

*January* 15, 1887. DURFEE, C. J. This is a petition for the appointment of a receiver of the property and effects of Christian C. Heintzeman and Alfred E. Tenney, copartners, alleged to be insolvent. The petition was preferred January 8, 1887, under

---

[1] This Caroline was Caroline M. Arnold.

Pub. Stat. R. I. cap. 237, § 13.   It sets forth that December 4, 1886, Heintzeman & Tenney, being then insolvent, gave a mortgage on their property to the Roger Williams National Bank to secure an indebtedness of the firm, whereby the bank was to obtain a preference over other creditors.   It also sets forth that December 17, 1886, Heintzeman & Tenney made an assignment for the benefit of their creditors to' John E. Goldsworthy, recorded December 28, 1886.   It is admitted that the assignment was made under cap. 237, § 12, for the purpose of dissolving an attachment put upon the property of the assignors shortly before.   Under § 12 the assignment was effectual to convey all the property of the assignors not exempt from attachment, and all property, if any, previously conveyed by them in fraud of their creditors or in violation of cap. 237.   It does not appear that the assignors have acquired any property since their assignment, and therefore there would be nothing for a receiver to receive if one were appointed, unless the appointment would vacate the assignment, which we see no reason for holding.   The great object of cap. 237 is to secure the property of debtors who are insolvent for the equal benefit of their creditors, discharged of all preferences given or acquired during the insolvency, if the provisions of the chapter are seasonably availed of.   It affords two methods by which this may be accomplished ; one of which may be instituted by the debtor whose property has been attached or levied on, by assignment under § 12, and the other of which may be instituted by the creditors by petition for the appointment of a receiver under § 13.   We see nothing to indicate that either method was intended to supersede the other ; and therefore to appoint a receiver after an assignment under § 12 would be to appoint a receiver with nothing to do, who might create confusion by undertaking to do something.   This being so, the court will not appoint a receiver unless the appointment is necessary to effect some collateral purpose which has not been and cannot be effected by or under the assignment.   The petitioners contend that the appointment is necessary for such a purpose.   They contend that the mortgage to the bank ought to be avoided as a preference, that it can only be avoided as a preference by proceedings commenced against the mortgagors under cap. 237 within sixty days after the mortgage was given, and that the assignment was not such a proceeding.

The provision for the avoidance of preferences is § 15, which, as amended by Pub. Laws R. I. cap. 274, of March 22, 1882, reads as follows, to wit: "Conveyances and payments made and securities given by an insolvent debtor or by a debtor in contemplation of insolvency, within sixty days before the commencement of proceedings against such debtor, under the provisions of sections twelve and thirteen of this chapter, shall be void as to all creditors receiving the same who shall have reasonable cause to believe that such debtor was insolvent at the time of such preference, and the assignee of such debtor may sue for and recover the same."

In the case of *James* v. *Mechanics' National Bank*, 12 R. I. 460, decided in 1879, this court held, under the act then in force, that an assignment made by a debtor to dissolve an attachment was a proceeding *by* the debtor and not *against* him, since he could make it or not as he might prefer. Under the act then in force the words to be construed were, "within sixty days of the commencement of proceedings against such debtor under this act," and there was nothing else to indicate an intent to have the assignment regarded as a proceeding against the assignor. Moreover, there was nothing in the act then in force to indicate that the assignment was intended to be treated as other than the ordinary voluntary assignment. Important changes were introduced in the Revision of 1882, by virtue of which an assignment under § 12 now has the full effect of an assignment in insolvency, since it passes not only the property remaining in the hands of the assignor, but also all property conveyed by him in fraud of his creditors or in violation of the provisions of cap. 237. The language in the provision for the avoidance of preferences is also very pointed now. It is "conveyances and payments made . . . within sixty days before the commencement of proceedings against such debtor under the provisions of sections *twelve* and thirteen of this chapter." Now there is no proceeding against such debtor provided for by section twelve, unless the assignment by the debtor himself there provided for be deemed such a proceeding within the meaning of the words above quoted. Undoubtedly it is an extraordinary use of language to call an assignment, voluntarily made, a proceeding against the assignor; but it is our business, not to criticise the

language, but to determine its meaning, and we are forced to hold that the General Assembly either has so called the assignment, or that " twelve" in the words quoted is devoid of meaning. The former seems to us to be much the more reasonable construction; for it comports perfectly with all the purposes of the chapter, and is entirely in keeping with the concluding words of § 15, to wit: " And the assignee of such debtor may sue for and recover the same." These words were not in the original act, being added in the Revision of 1882. Probably the General Assembly thought that though the debtor was free to make the assignment or not, yet that he was nevertheless under a sort of restraint, inasmuch as, if he did not make the assignment, the creditors would almost as a matter of course proceed against him under § 13, and that they therefore had warrant enough for calling the assignment by him a proceeding against him. Indeed an assignment under § 12, changed as it is from the original act, does not differ in effect materially from a receivership under § 13, the institution of which is unquestionably properly denominated a proceeding against the debtor.

Our conclusion is that the assignment was as effectual to avoid the mortgage to the bank, if the mortgage was a preference illegally given and received, as the appointment of a receiver would be, and that therefore, since the appointment would be useless, the petition for it must be dismissed. *Petition dismissed.*

*Arnold Green,* for petitioners.

*John T. Blodgett & Oscar Lapham,* for respondents.