·WILLIAM B. PARSONS, Receiver, *vs.* MOSES GEORGE.

July 18, 1890.

Insolvency—Preference by means of Sale and Mortgage.—Where an insolvent firm sold and transferred their stock of goods to a fraudulent purchaser, who as a part of the transaction, and in consideration of the sale, executed chattel mortgages upon the stock, to secure indebtedness due certain relatives of the vendors, for the purpose of giving them a preference over the creditors of the firm, *held*, that a receiver seasonably appointed in proceedings under the insolvent law may maintain an action to set aside the mortgages as fraudulent, and to recover the goods so transferred.

Same—Findings—Evidence.—Evidence *held* sufficient to support the findings of the trial court.

Action brought in the district court for Dodge county, by the receiver in insolvency of Fred George and James Derby, to recover possession of certain personal property, claimed by defendant by virtue of the sale and chattel mortgage mentioned in the opinion. A jury was waived and the action tried (together with similar actions by the same plaintiff against Leander Derby and Thomas C. Derby) by *Buckham*, J., upon whose findings judgment was entered for plaintiff, from which the defendant in each case appealed.

*B. F. Latta* and *Pierce & Qvist*, for appellants.

*Chas. C. Willson* and *Robert Taylor*, for respondent.

VANDERBURGH, J. It is satisfactorily shown by the evidence that on the 29th day of July, 1889, Fred George and James Derby were partners engaged in trade, having a stock of general merchandise, and were then insolvent. On that day they sold out their goods and merchandise to one Thomas C. Derby, a brother of one of the part-

ners, for the price and consideration of $3,000, no part of which was paid in cash; but as a part of the transaction he executed his note for $800 to the defendant Moses George, the father of Fred George, and a note for a similar amount to Leander Derby, the father of James Derby, to secure these parties, respectively, for indebtedness due them from or liabilities incurred for the insolvents, and for the balance of the consideration the alleged purchaser gave his promissory notes, and to each of the payees of these notes first mentioned he also executed the chattel mortgages which it is sought to set aside in this action. The object of the sale is found to have been to secure to the relatives of the individual partners an unlawful preference over the creditors of the firm. The partnership indebtedness, for which no provision was made, exceeded $5,000. There is no reasonable doubt of the intention of the partners to make such preference, and the evidence is sufficient to sustain the finding of the court that both the purchaser and each of the mortgagees were sufficiently informed of the condition of the business and liabilities of the partners to understand that they were financially embarrassed and insolvent, and also that the mortgagees were advised of the fact and terms of the sale to Thomas C. Derby, and assented thereto. It is suggested by the appellants that the evidence shows that a portion of the goods transferred to Thomas Derby had previously been the property of Moses George, that Thomas acquired a good title thereto, and that the chattel mortgage in question, executed by him to Moses George, was also intended to include and secure the price and value of these goods. But it is a sufficient answer to this that there is no finding on that question. It is not raised by the assignments of error, and the property in dispute here is alleged on the first page of the complaint to have been owned by the insolvents, George and Derby, on the 29th day of July, 1889, being the date of the transfer by them, and this allegation the answer admits. The plaintiff, as receiver, was entitled to have these preferential conveyances set aside, and to recover the property. *Bliss* v. *Doty*, 36 Minn. 168, (30 N. W. Rep. 465.) His action was seasonably brought, and judgment was properly given in his favor.

Judgment affirmed.

The cases of the same plaintiff against Thomas C. Derby and Leander Derby were argued at the same time, and follow the case against Moses George. The judgment in each case is accordingly affirmed.