HENRY G. HYDE, Petitioner, *vs.* ABRAHAM WEITZNER and another.

December 4, 1890.

Insolvency—Assignment after Application for Receiver. — Under the insolvent act of 1881, as amended by Laws 1889, *c.* 30, insolvent debtors may voluntarily make an assignment for the benefit of creditors in pursuance thereof, and the assignee will be treated as an officer of the court having the same powers and duties as a receiver; and where such assignment was made pending an application for a receiver, and the court was satisfied that no preferences were secured thereby, and the purposes of the application were fully answered by the assignment, *held,* that the court was justified in refusing to grant the same.

Appeal by petitioner from an order of the district court for Hennepin county, *Rea*, J., presiding, refusing to appoint a receiver in insolvency proceedings.

*S. C. Olmstead* and *Harris Richardson*, for appellant.

*Freeman P. Lane*, for respondents.

VANDERBURGH, J.   On the 11th day of January, 1890, an application upon the petition of creditors of the insolvents, Weitzner & Gruenberg, was made to the court for the appointment of a receiver, under the insolvency act.   The hearing thereof was by the court continued to January 14, 1890.   In the mean time the insolvents made a general assignment, under the provisions of the same act. This fact being made to appear at the hearing, and the court being fully satisfied that the rights of all the creditors would be fully protected by the assignment, and that no preferences would be acquired or become valid through lapse of time by reason of the postponement of the hearing of the application for a receiver, denied the same, on the ground that the assignee was clothed with the same powers, and was equally subject to the control of the court, as a receiver would have been if the application had been granted.   The court was satisfied also that the assignee selected was in all respects a suitable and competent person to execute the trust.   Under these circumstances, we think, the court was fully justified in refusing to grant the petition.   *Bliss* v. *Doty*, 36 Minn. 168, (30 N. W. Rep. 465.)   The parties, being insolvent, were entitled, under the act, as amended in 1889, to make an assignment as they did, unless the pending application for a receiver superseded that right.   But this, we think, is not the case, because the assignment was a proceeding in the same direction, and to effect the same purpose; and if no other objection can be urged, and no legal prejudice can result to creditors, we see no objection to allowing the assignment to stand. *Market Nat. Bank* v. *Heintzeman*, 15 R. I. 431, (8 Atl. Rep. 78.)

Order affirmed.

NOTE.   A motion for a reargument of this case was denied January 7, 1891.