SILAS B. FOOT and Others v. JOHN F. OFSTIE.[1]

November 24, 1897.

Nos. 10,710—(123).

Insolvency — Appointment of Receiver — Garnishment—G. S. 1894, § 4241.

> In order to prevent the running of the 60-day limitation provided for in G. S. 1894, § 4241, the creditors must within the 60 days file with the clerk of the district court their petition for the appointment of a receiver of the insolvent debtor, or commence the proceedings by service of the order to show cause on the creditor about to be preferred within that time, or, if G. S. 1894, § 5144, applies, place such order in the hands of the sheriff for service within the 60 days. But whether the latter section applies in such a case is not decided.

Appeal by John F. Ofstie from an order of the district court for Swift county, Powers, J., appointing A. D. Countryman receiver of the unexempt property of Ole E. Hegstad and another, insolvents. Reversed.

*A. Ueland*, for appellant.

*L. S. Thomas*, for respondents.

[1] Reported in 73 N. W. 4.

CANTY, J.

Appellant, Ofstie, brought an action against Hegstad & Wang for the recovery of an indebtedness of $1,100, and in that action instituted garnishment proceedings against one Gotzian, who had in his hands at that time money and property of the defendants therein exceeding in value $1,600. The garnishee summons was served January 15, 1897. The defendants therein did not within ten days thereafter make an assignment or take any steps to have the garnishment released; and on March 15, within 60 days after the garnishment, Foot, Schultz & Co., another creditor of said defendants, presented to the judge of the district court a petition alleging the foregoing facts and the insolvency of said defendants, and praying for the appointment of a receiver of their unexempt property under the insolvency law. On this petition an order was issued requiring said defendants to show cause before the judge why such a receiver should not be appointed, but the order was not directed to, and was not served on, Ofstie, and was served on but one of said defendants.

On the hearing Gotzian was appointed receiver, April 10; but neither this order, the order to show cause, the petition, nor any of the proceedings in the matter were ever filed in the office of the clerk of the district court until April 13, 88 days after the service of the garnishee summons. On April 19 the court made an order vacating the order appointing Gotzian receiver, and, in the order thus made, required Ofstie, Wang and Hegstad to show cause why a receiver should not be appointed as prayed for in said petition. Ofstie appeared on the hearing and opposed the application; but an order was then made appointing one Countryman receiver of all the unexempt property of Wang & Hegstad, including "all property under garnishment, attachment or levy." From this order Ofstie appeals.

It will be observed that the order dissolves appellant's garnishment, and of this he complains. G. S. 1894, § 4241, provides:

"Whenever any insolvent debtor shall confess judgment   *   *   * or shall not make an assignment under the first section of this act within ten days after garnishment made against him,   *   *   * then or within sixty days thereafter any one or more of his creditors having claims against him to the aggregate amount of at least two

hundred dollars, may petition the district court or a judge thereof, setting forth facts constituting one or more of said cases;  *  *  * and upon notice of the time and place of such hearing given as the judge or court shall direct to the debtor and any creditor about to be preferred,  *  *  *  the court or judge shall appoint a receiver, *  *  *  who shall take possession of all the property of such debtor not exempt by law, including  *  *  *  all property then under garnishment."

Appellant contends that as against him the proceedings for the appointment of a receiver were not commenced in time; that in order to entitle the other creditors to an order dissolving his garnishment the petition for the appointment of a receiver must have been filed in the office of the clerk of the district court within 60 days after the service of the garnishee summons on the garnishee, or a notice, directed to him, of the application for the appointment of a receiver must have been served on him within such 60 days; that this is the proper interpretation of section 4241, and the language therein contained, providing that the creditors "may petition the district court or a judge thereof" within the 60 days. On the other hand, respondent contends that under this section it is sufficient to present the petition to the judge within the 60 days, though it is not filed in the clerk's office within that time.

If this position is correct, the judge or the petitioner's attorney might carry the petition around in his pocket a year or two after it was so presented, and keep it off of record during all of that time, without the knowledge of or any notice to the other parties to be affected thereby, that such a petition had been so presented, and this 60-day statute of limitations would cease to run during all of that time. The legislature never intended any such result. In Bliss v. Doty, 36 Minn. 169, 30 N. W. 465, it was held that section 4 of the insolvency law (G. S. 1894, § 4243) applies to involuntary proceedings in which a receiver is appointed, as well as to voluntary proceedings in which an assignee is appointed, although the section speaks only of the latter proceedings; and in Beardslee v. Beaupre, 44 Minn. 1, 46 N. W. 137, it was held that the statute of limitations contained in that section ceased to run from the time of filing the petition for the appointment of a receiver in the office of the clerk of the district court, for the reason that for the purposes of such

statute of limitations the filing of such a petition is analogous to the filing of a deed of assignment.

All parts of a statute should be construed together; and, construing section 2 (said section 4241) in harmony with the construction thus placed on section 4, it is plain that the language, "petition the district court or a judge thereof," was meant to include the filing of the petition in the clerk's office. But, of course, if the proceedings are actually commenced by the service of the order to show cause within the 60 days, this will prevent the 60-day limitation from running. Then we are of the opinion that, in order to prevent the running of the 60-day limitation provided for in section 2, it is necessary to file the petition with the clerk of the district court or serve the notice on the creditor about to be preferred within the 60 days, or, if section 5144, G. S. 1894, applies, to place the order in the hands of the sheriff for service within the 60 days.

But whether this latter section applies in such a case as this it is not necessary to consider, as no such order directed to Ofstie, or any order, was ever placed in the hands of the sheriff for service on Ofstie. Neither is it necessary to consider whether the 60-day limitation commenced to run from the time of the service of the garnishee summons, or from the time of the expiration of the ten days thereafter within which the defendants therein might have dissolved the garnishment by making an assignment. We are of the opinion that the proper steps were not taken in time to permit the court to dissolve the garnishment, and the order appealed from must therefore be reversed as to the appellant, Ofstie.

So ordered.