WILLIAM H. TRIPP *vs.* NORTHWESTERN NATIONAL BANK.

February 13, 1891.

Insolvency—Action by Assignee to Recover Money Paid as a Preference—Trial by Jury.—An action by the assignee of an insolvent debtor under the insolvent law of 1881, to recover money paid by the debtor to a creditor in payment of an antecedent debt, for the purpose of giving an unlawful preference over other creditors, is an action for the recovery of money only, and either party is entitled to a trial by jury.

Same—Assignment by Corporation held Authorized by Directors.—A resolution of the board of directors of an insolvent corporation, authorizing its officers to make an assignment of all its assets for the equal benefit of all its creditors, *held* sufficient to authorize the officers to make such an assignment, under the insolvent law of 1881, upon the attachment of the corporate property, although such attachment had not been made when the resolution was passed.

Same—Application of Deposit to Note due Bank.—An insolvent debtor, being indebted to a bank, of which he was a customer and depositor, made a general deposit to the credit of his own account, and the next day, at his direction, the bank applied the deposit to the payment of a note due from him to the bank. *Held* that, as respects the provisions of the insolvent law against preferential payments, the case stood the same as if the money had been paid by the insolvent directly in payment of the note; and, if the bank had reasonable cause to believe that the debtor was insolvent, the money can be recovered by the assignee.

Appeal by plaintiff, assignee in insolvency of the Empire Coffee & Spice Company, from a judgment of the district court for Hennepin

county, entered pursuant to the decision of Hicks, J., before whom the action (brought to recover $4,110.50) was tried without a jury.

W. E. Akers, for appellant.

Keith, Evans, Thompson & Fairchild, for respondent.

MITCHELL, J.[1] This case was here on a former appeal from a judgment in favor of the defendant on the pleadings. 41 Minn. 400, (43 N. W. Rep. 60.) The action was brought by the plaintiff as assignee of an insolvent debtor under chapter 148, Laws 1881, to recover money paid to the defendant by the insolvent in payment of a pre-existing debt, and which is claimed to have been an unlawful preference of defendant over other creditors. Plaintiff demanded a jury trial, which was denied by the court. This was clearly error. Whatever surplusage there may be in the allegations or prayer of the complaint, the action was strictly and solely one for the recovery of money only, proceeding according to the course of the common law, and as such the plaintiff had a right to have the issues tried by a jury. The fact that the right of action is one that is given by statute is not material. Neither is an action of this kind a part of the insolvency or bankruptcy proceedings, any more than an action brought by a personal representative to recover a debt due the estate of his decedent would be a part of the administration proceedings in the probate court.

It is urged, however, that the error was without prejudice, because it appears that the assignment under which plaintiff claims was void, for the reason that the resolution passed by the board of directors of the insolvent corporation on February 3d, authorizing its officers to make an assignment of all its assets for the equal benefit of all its creditors, only authorized the making of a common-law assignment, and not one under the insolvent law of 1881, because the fact which would authorize the making of an assignment under the act referred to (the attachment of the insolvent property) did not occur or exist until February 4th. There is nothing in this point, for two reasons: First, the matter is *res adjudicata* in this case. The question was involved in the former appeal, as all the facts referred

[1] Vanderburgh, J., took no part in this case.

to appeared then, as well as now, upon the face of the pleadings; and, although the particular reason now urged why the assignment was void was not then urged or brought to the attention of the court, yet it might have been. Therefore the validity of the assignment, upon all the facts appearing upon the face of the pleadings, must be deemed the law of this case. But, even if the question was still an open one, the point is without merit. The resolution of the board of directors was broad enough to authorize the officers. to make an assignment under the law of 1881, if the exigencies of the business of the corporation required it. After its property was attached, it was the clear duty of the insolvent corporation to make just such an assignment as was made in this case. Had it not been made, a receiver might have been appointed under the provisions of that same act upon the application of creditors.

It is further urged that it appears that the defendant had a right to retain the money in controversy under a banker's lien. We do not see how the question of the extent or nature of a banker's lien is likely to become involved in this case. The short facts, as they appear from the evidence, are that the corporation, which was a depositor and customer of the defendant bank, was insolvent, and was contemplating and attempting to sell out its whole stock and go out of business. The defendant bank held a number of promissory notes against it, some of which were due and some not yet due, when, on the morning of January 20th, the corporation executed to the bank a demand note without grace, for the entire amount of the other notes, antedating it as of the date of December 24th. On the evening of the same day, the corporation, having made a sale of its stock, and received in payment therefor a check of the purchaser for some $6,400, delivered the check to the defendant's cashier for deposit the next day to the credit of the corporation. On the next morning the amount of this check was placed by the bank to the credit of the corporation's account as a deposit, and on the same day an officer of the corporation directed the teller of the bank to deduct from the deposit the amount of the demand note, and apply it in payment thereof, which was done, and thereupon the officer of the corporation drew out the balance of the deposit on check. A

good deal is said in the books about the lien of a banker upon moneys or funds in its possession belonging to a depositor. As applied to a general deposit, it seems to us that the term "lien" is inaccurate. When money is deposited in a bank in the ordinary way, the title passes to the bank, and the relation of debtor and creditor is established between it and the depositor; and whatever rights the bank may have to apply the credit in favor of the depositor upon a debt which it holds against him, or to set off the one against the other, depends really upon the general law of set-off, which is just as applicable to others as to banks. Whether, in case of the insolvency of the depositor, it may set off against the deposit a demand against the depositor not yet due, (which has always been permitted by the English and federal bankrupt laws, and also in some states in case of the settlement of insolvent estates of deceased persons,) is a question that we have at present no occasion to consider. One thing is very certain: a bank has no more right to secure a preference over other creditors of an insolvent debtor than any one else, and no device by which such a preference is sought to be secured by having the money first deposited by the debtor to his own credit, and afterwards applied to the payment of a debt due from him to the bank, will be allowed to stand. The present case stands no differently than it would if the officer of the corporation, instead of first depositing the money to its credit, had paid it to the bank directly in payment of the demand note. That the corporation was then insolvent is undisputed. The intention on its part to prefer the bank over other creditors is conclusively established by the fact that it paid the bank in full when it must have known that it had not sufficient assets to pay its other creditors. The only remaining question in the case was whether, at that time, the officers of the bank "had reasonable cause to believe" that the corporation was insolvent. The evidence on that question, if not conclusive, was certainly such as to entitle plaintiff to have it submitted to a jury.

Judgment reversed.