WILLIAM S. HOLCOMBE, Receiver, *vs.* JOSEPH EHRMANNTRAUT, Jr., and others.

June 30, 1891.

**Insolvency—Preference—Creditor Chargeable with Notice.**—Where an insolvent engaged in business transferred his stock, fixtures, and the lease of his store to certain of his creditors in satisfaction of their claims, and they had notice that he was financially embarrassed, and received the transfer under such circumstances as to put them upon inquiry as to his solvency, *held,* that they are chargeable with notice of such facts touching his financial condition as reasonable inquiry and investigation would have disclosed to them.

**Same—Evidence.**—Evidence *held* sufficient to justify the jury in finding that such creditors had reasonable cause to believe a debtor insolvent within the meaning of the insolvent law.

Appeal by defendants from an order of the district court for Ramsey county, *Wilkin*, J., presiding, refusing a new trial after verdict of $1,200 for plaintiff.

*John B. Brisbin* and *John H. Ives*, for appellants.

*Munn, Boyesen & Thygeson*, for respondent.

VANDERBURGH, J.   In May, 1889, one A. H. Miller, the insolvent mentioned in these proceedings, was engaged in keeping a restaurant in the city of St. Paul, and defendants Lindeke and Ehrmanntraut were creditors of his, also engaged in business in the same city.   On the 22d day of that month the defendants procured of Miller a bill of sale and transfer of all his property except some accounts, including the lease of the building occupied by him and the good-will of his business, in satisfaction of their claims against him.   The transfer was not in the ordinary course of business, since neither of them required or desired the property for use in their own business or to continue the same business, but it was in the nature of an assignment for their special benefit, and the result was to secure to themselves a preference over other creditors of the insolvent.   Proceedings in insolvency were thereupon taken by other creditors for the appointment of a receiver, and thereafter, upon the 2d day of July, 1889, Miller was adjudged insolvent, and the plaintiff appointed receiver, and he brings this action to recover the value of the property received and appropriated by the defendants, on the ground that the transfer thereof secured to them an unlawful preference.

That Miller was insolvent, and that he did intend to prefer these creditors contrary to the provisions of the insolvent act, must have been found by the jury, and their finding is sustained by the evidence.   But the question chiefly contested is whether these creditors had reasonable cause to believe that he was insolvent when the transfer to them was made.   The court charged the jury that by insolvency under the statute was meant the inability of the debtor to pay his debts in the ordinary course of business, and "that in order to make out a reasonable cause to believe that a debtor is insolvent, there must be knowledge of some fact or facts calculated to produce a reasonable belief that the debtor is insolvent; but, if such facts are known to a creditor as are clearly sufficient to put a per-

son of ordinary prudence upon inquiry, he is chargeable with the knowledge which such inquiry or investigation would have furnished him." This instruction was a correct statement of the rule applicable in such cases, and we think the evidence disclosed by the record was sufficient to put the defendants upon inquiry and charge them with notice. We do not therefore deem it necessary to consider the objections to the evidence of the knowledge of the general agent of Lindeke on the subject, for the result must have been the same upon the undisputed evidence in the case, independently of that item of testimony. The indebtedness of the insolvent to the defendants was overdue, and they had been pressing him for payment without success. They knew that his sale to them was not in the ordinary course of business. His checks drawn in their favor had been dishonored. He was neglecting his business and running behind, to their knowledge. They knew of other indebtedness, but did not know how much he might be involved. They knew he was in embarrassed circumstances, and one of them admits that he told him three days before the sale to them that if he could settle with them in this way he would take his old position in a railroad office, and get enough in two months to pay up his other indebtedness. It is not necessary to state in detail all the circumstances and *indicia* of insolvency which indicate sufficient knowledge on the part of the defendants of his financial condition, and induced them to make the arrangements which were entered into to secure their indebtedness. We think the evidence of such facts was clearly sufficient to charge them with notice.

Order affirmed.