HASTINGS MALTING COMPANY *vs.* H. H. HELLER.

July 28, 1891.

| | |
|---|---|
| 47 | 71 |
| 47 | 482 |
| 47 | 71 |
| 55 | 517 |
| 47 | 71 |
| 68 | 228 |

Insolvency—Preference—Intent Inferred.—Where a debtor knows that he is insolvent, and gives security to one creditor to the full amount of his debt, and is unable to secure others, the inference arises that he intended to create an unlawful preference in favor of the creditor so secured.

Same—Notice to Creditor of Debtor's Insolvency.—Evidence *held* sufficient to show indisputably that the agents of the plaintiff corporation had notice sufficient to put them upon inquiry, when they took the mortgage in controversy here, that the mortgagor was in fact insolvent.

Appeal by defendant from a judgment of the district court for Dakota county, where the action (brought to recover possession of personal property, of the value of $476.10) was tried before *Crosby,* J., a verdict rendered for plaintiff, and a motion for a new trial denied.

*Southworth & Coller,* for appellant.

*Stringer & Seymour* and *E. A. Whitford,* for respondent.

VANDERBURGH, J. On the 25th day of March, 1890, one Herman Husmann was adjudged an insolvent, in pursuance of a petition filed in the district court of Scott county on the 19th day of March; and one Theodore Weiland was thereafter duly appointed receiver of the property of the insolvent. Among other property, the receiver took possession of the chattels described in the complaint, to recover possession of which this action is brought. Thereafter, pursuant to an order of the court, the receiver sold and delivered the same to the defendant. On the 6th day of February, 1890, Husmann had executed a chattel mortgage of the personal property in question, to the plaintiff corporation, to secure a debt due to it, amounting to the sum of $930. The plaintiff claims title under this mortgage. The defence is that Husmann was insolvent when the mortgage was executed, of which fact plaintiff had notice, and that the mortgage created an unlawful preference in favor of the plaintiff over other creditors of the insolvent. The questions raised are chiefly questions of fact, involving these issues. Upon the question of the insolvency of Husmann the evidence is substantially undisputed, and is unquestionably sufficient to establish that fact. He knew his financial condition, and must be presumed to have known the effect of the mortgage. It follows that he intended to secure to the plaintiff the preference created thereby. And from the evidence in the case it must be inferred that it had reasonable cause to believe that when the mortgage was executed the mortgagor was insolvent.

1. The defendant was engaged in the brewing business,—buying malt and grain, and making and selling beer. Courts have held that brick-makers and lumber manufacturers who sell their own manufactures, are "traders" under bankrupt and insolvent laws. Bouv. Law Dict. "Trader." And undoubtedly the defendant comes within this definition, and he was indisputably unable to meet his obligations in the ordinary course of business as they became due. He was largely indebted; his property was heavily incumbered, his business badly managed, and his credit bad. He owed large sums, which were overdue, and was not only insolvent within the meaning of our insolv-

ent law, but it is apparent that his debts exceeded his resources, and that he had not property, subject to legal process, sufficient to satisfy his debts. · *Daniels* v. *Palmer*, 35 Minn. 347, 350, (29 N. W. Rep. 162.)

2. Under such circumstances, the execution of the mortgage to plaintiff was giving it security such as he could not give to other creditors; and, as this is presumed to have been known to him, there is no doubt that it must be held, as before stated, that the mortgage was executed with the intent to create such preference in favor of plaintiff.

3. That the latter had reasonable cause to believe the mortgagor insolvent when the security was taken, is evident from the testimony. It is sufficient, in such cases, that facts and circumstances are brought to the notice of the creditor, such as to put a person of ordinary prudence upon inquiry, and he will be chargeable with the knowledge which such inquiry would have furnished. *Holcombe* v. *Ehrmanntraut*, 46 Minn. 397, (49 N. W. Rep. 191.)

Husmann had been dealing with the plaintiff for a number of years, and on the 16th day of January, 1889, he was owing it on an account which had been due for several months, and which plaintiff had not been able to collect without suit. On that day he gave his five notes, for $200 each, in settlement, payable one each month for four· months, all of which he failed to pay. Having failed to collect, plaintiff, after several months' longer delay, obtained judgment and issued execution, upon which the sheriff realized only $30, whereupon an attempt was made to obtain security by chattel mortgage, which Husmann was finally prevailed on to give, covering, as it seems, the bulk of his personal property, but believed to be sufficient to secure plaintiff's claim. The brewery was heavily mortgaged. Plaintiff, as is admitted, knew he was "hard up;" that it was hard to collect anything of him, and only in small sums; that he owed his sisters "quite a number of thousand dollars,"—a debt that was pressing him. If, under the circumstances, which need not be further detailed, plaintiff's officers did not know that he was unable to pay his debts in the ordinary course of business, it is clear that they were put upon inquiry, and ought to· have known

it. *Buchanan* v. *Smith*, 16 Wall. 277; *Daniels* v. *Bank of Zumbrota*, 35 Minn. 353, (29 N. W. Rep. 165.)

The verdict was not justified by the evidence, and the judgment is reversed.