EDWARD C. BAUMANN *vs.* WM. CUNNINGHAM.

Argued Jan. 11, 1892. Decided Feb. 1, 1892

**Preference Given by an Insolvent — His Intent.**—In order to avoid a conveyance whereby it is alleged one creditor has obtained the fraudulent preference mentioned in Laws 1881, ch. 148, § 4, it is necessary that not only shall insolvency of the debtor exist, and that the creditor shall have reasonable cause to believe it to so exist, but, in addition, that the conveyance shall have been made with the view of giving a preference.

**Findings Supported by the Evidence.**—*Held*, in this action, that the finding of the court that the insolvent debtor did not make the mortgage in question with a view of giving a preference to his creditor, the defendant, but with a view of being enabled to continue his business, was fully supported by the evidence.

Appeal by plaintiff, Edward C. Baumann, from an order of the district court of St. Louis county, *Stearns*, J., made September 28, 1891, refusing a new trial.

Evar O. Wohlin, of Duluth, on April 20, 1891, made an assignment to plaintiff under Laws 1881, ch. 148, of all his nonexempt property, in trust to pay those of his creditors who should release the unpaid residue of their claims. Plaintiff accepted the trust, and

within a few days thereafter brought this action against William Cunningham, a merchant of St. Paul, to set aside a mortgage given to him by Wohlin on March 16, 1891. Wohlin was then a tailor doing business at Duluth, and had a stock of cloths, trimmings, and tailor's furnishings and store fixtures. He owned and occupied a homestead incumbered for $1,000. He also owned an undivided half of five town lots, and an undivided third of three other town lots; all situated in Duluth. He was indebted to divers persons between five and six thousand dollars, and was unable to pay his debts as they matured, in the ordinary course of business, and was insolvent. He was indebted to defendant, Cunningham, $470.74, and to Friedlander & Co., of Chicago, Ill., about $432. Cunningham had at that time good reason to believe Wohlin was insolvent, in that he was unable to pay his debts in the ordinary course of business as they matured. But he had reason to believe, and did believe, that Wohlin had property which exceeded in value the amount of his debts. To enable Wohlin to continue in business, and to retain him as a customer as well as to save his claim, Cunningham proposed to Wohlin that, if he would give him security, he (Cunningham) would become surety for him to Friedlander & Co., and would make further advances to him (Wohlin) in money or goods, as he might need. Wohlin accepted the proposition, and he and wife on that day (March 16, 1891,) made and delivered to Cunningham their notes and a mortgage upon all their real estate, including the homestead, for $1,000, and interest due in installments in two to seven months. Cunningham thereupon became responsible to Friedlander & Co. for their claim, and advanced to Wohlin $25. He did not file the mortgage for record until April 22, 1891, two days after Wohlin made his assignment. He claimed to hold the mortgage as security for the debt Wohlin owed him, and to indemnify him as surety to Friedlander & Co. The trial court, in its findings of fact, held and found that Wohlin did not make the notes and mortgage with a view to giving a preference to defendant, but with a view to being enabled to continue in business, and on that ground directed judgment to be entered for defendant. In a memorandum attached to the findings the judge stated his opinion, in substance, that, to render the mort-

gage voidable under the insolvent act, (Laws 1881, ch. 148, § 4,) it must be shown that in giving it Wohlin intended to prefer Cunningham. The mere fact that a preference afterwards resulted was not enough.

*Wm. C. McAdam,* for appellant.

The finding that the mortgage and notes were not made with a view to giving a preference to the defendant, but with a view of enabling the insolvent to continue his business, is not supported by the evidence.

Where the two integral facts appear, viz., insolvency, and reasonable cause to believe a debtor insolvent on the part of the creditor, the intent to prefer, in case of a conveyance, follows as a necessary deduction.

The motive of the debtor in giving the mortgage is immaterial, and it is no defense that other considerations were the moving cause. Motive should not be confounded with intent. *Hardy* v. *Bininger,* 4 N. B. R. 262. The question of intent to hinder, delay, or defraud creditors must be solved by looking at what the debtor says or does, and the effect thereof. *In re Ryan,* 2 Sawy. 411. Cunningham, in the case at bar, seeks to justify the preference he obtained, on the ground that the act was done to aid Wohlin to go on with his business. The court below adopted this view, and seems to have entirely overlooked the case of *Corliss* v. *Jewett,* 36 Minn. 365.

The fact that Wohlin was induced to give security for debts previously contracted, by the hope and expectation of thereby obtaining further credit, and means to prosecute his business, does not make it any less a preference. Nor does it rebut the inference otherwise deducible from the facts that it was intended to be a preference. *Forbes* v. *Howe,* 102 Mass. 427, 435; *Denny* v. *Dana,* 2 Cush. 160.

Cunningham is conclusively presumed to have intended the necessary consequences of his acts. Therefore the denial in the answer of an intent to give a preference is of no avail. *In re Sutherland,* 1 Deady, 348; *In re Silverman,* 1 Sawy. 410; *Tripp* v. *Northwestern Nat. Bank,* 45 Minn. 383; *Hastings Malting Co.* v. *Heller,* 47 Minn. 71; *In re Bininger,* 7 Blatchf. 267.

*W. W. Billson,* for respondent.

In this action, brought by the assignee of an insolvent, to set aside a mortgage as preferential, the only question presented by the record is, was the evidence such as to justify the finding of fact that the mortgage was not made with a view to give a preference to Cunningham?

The only question in the case is one of law. The decision of the court could not have been otherwise, unless the law is, as claimed by counsel for plaintiff, that, because it turned out that the mortgage did ultimately, and in fact, secure a preference to Cunningham, it must therefore be inexorably inferred that it was given and received with the intent to secure such preference. But the statute invalidates the security only when made with a view to give a preference. This means, no doubt, with an actual intention to prefer, except so far as such intention may be constructively imputed by force of the recognized and well-defined principle that a man is presumed to intend the natural and probable consequences of his acts. 2 Bigelow, Frauds, 579; *Smith* v. *Merrill,* 9 Gray, 144.

In *Forbes* v. *Howe,* 102 Mass. 427, the defendant, by his third request, had asked the court to instruct the jury that, if the mortgage was given in good faith, with the intent and expectation of continuing business, and without intent to prefer, it was a valid mortgage. The court distinctly recognize the accuracy of this desired instruction, but point out that it was merely a repetition of other portions of the charge.

That our mortgage, so far as it relates to the homestead property, is not affected by the insolvency proceedings, is too clear to admit of question, and we suppose is not questioned. 2 Bigelow, Frauds, 64, and note.

COLLINS, J. The only finding of fact assailed by the assignments of error herein is that whereby the court below found that the insolvent, Wohlin, did not make the notes and mortgage in question with a view of giving a preference to the defendant, Cunningham, but with a view to being enabled to continue his business, which was that of a merchant tailor, at retail. It therefore stands admitted that on the day of the execution and delivery of the notes and mort-

gage—March 16, 1891—by Wohlin to defendant, Cunningham, and to whom he was indebted in the sum of $470.74 for goods sold, Wohlin was simply technically insolvent, because unable to pay his debts as they matured in the ordinary course of business. It also stands admitted that Cunningham had good reason to believe that Wohlin was insolvent in this technical sense, but that he also had reason to believe, and did believe, that the insolvent had assets which in value exceeded the amount of his liabilities; that with this knowledge, for the purpose of enabling Wohlin to continue in business, as well as to save what was owing to him and to retain him as a customer, defendant proposed to Wohlin that, if he would give to him the notes and mortgage, he would become responsible to another creditor—Friedlander & Co.—for the payment of the amount of their bill,—$432,—which was past due, and being pressed for payment, and would make further advances in goods and money as needed; that Wohlin accepted the proposition, and executed and delivered the notes in the sum of $1,000, and the mortgage securing the same; that defendant became responsible by indorsement for the claim of Friedlander & Co., as agreed, advanced $25 in cash to the insolvent, and afterwards paid $150 of the Friedlander indebtedness. Following these findings was the one complained of by the assignment of error as not supported by the evidence. The claim is, as stated in appellant's brief, that when the two integral facts appear, namely, insolvency, and reasonable cause on the part of the creditor to believe the debtor insolvent, the intent to prefer is a necessary deduction in case of a conveyance. To put this claim in another form, it is that, where the debtor is insolvent, and the creditor has reasonable cause to believe him to be so, a conveyance must necessarily be regarded as having been executed with a view to giving a preference, if it so happens that a preference results. To adopt such a construction of the language found in section four (4) of the insolvency act would be to completely disregard and exclude from consideration an essential portion of the statute in respect to fraudulent preferences by insolvent debtors. In express terms it is provided, in the section referred to, not only that insolvency must exist, and that the creditor must have reasonable cause to believe it

to so exist, but, in addition, that the assailed conveyance must have been made with a view of giving a preference. That each of these things be in existence is positively required in order to invoke the aid of the statute. The language is similar to that found on the same subject in the English bankruptcy act of 1883, and the section appears to have been modeled after Mass. 1882 Pub. St. ch. 157, § 96. It has been held frequently that personal intention on the part of the debtor—though the intention is intention to prefer, not to defraud, in the popular sense of that word—is required under bankruptcy and insolvency statutes which speak of acts done with a view of giving a preference. The mere fact of preference, therefore, is not enough under such statutes. This is the language in which the substance of the decisions is summed up in 2 Bigelow on Frauds, 579, and it is fully justified by the authorities collected in note three (3.) The court below correctly construed the law applicable to the case.

While it seems unnecessary, a brief statement of some of the facts, not included in those found by the court, but going to support its views, will make clearer the assertion that the finding complained of was supported by the evidence. Wohlin had been a customer of Cunningham for several years, paying his bills about as he chose. Friedlander & Co. were demanding payment. Collections could not be successfully made by their debtor. He was unable to pay Friedlander & Co., and hence insolvent, under the statute. In this situation, he called on defendant for advice and assistance, making a statement of the debts he had incurred. There was nothing to suggest to a prudent man that he could not continue his business with a little immediate assistance, and for this purpose, evidently, Cunningham made the proposition which has been referred to. Wohlin accepted, giving the mortgage upon an undivided interest in some town lots, and also upon his statutory homestead. When an insolvent is executing a conveyance with the view of giving a fraudulent preference, he is not apt to include property which is lawfully beyond the reach of his creditors. That it might not become publicly known, and, as he expressed it, affect his credit, Wohlin requested that the mortgage be kept from the records. This request was acquiesced in,

and the mortgage was not recorded until after the assignment. During this period of time the mortgaged property was at the mercy of attaching or judgment creditors, or could have been conveyed or incumbered by the debtor. Had a preference been intended, the mortgage would have naturally gone upon record with promptitude. There was no testimony offered or received upon the trial tending to show the real condition of the debtor, and it cannot be presumed that he did not have an abundance of property out of which, and ultimately, his indebtedness might be paid. There was no testimony at all on this subject, and hence the finding that he was simply technically insolvent. While this fact would not prevent a finding that a conveyance was made with a view of giving a preference, in a proper case, it is a circumstance which might well have weight with a court when determining the fact; for a creditor assisting a debtor only nominally insolvent, with assets sufficient to meet his liabilities if time could be had, could be justified much more easily than one whose efforts were in behalf of an irretrievably insolvent debtor. The intent to prefer would not be so easily deducible from the attendant circumstances, all of which are to be scrutinized when attempting to discover with what view the conveyance was made. We think that the testimony fell far short of showing that defendant's mortgage was made with a view of giving a preference over other creditors, or with an intent to circumvent any of the provisions of the insolvency statutes.

Order affirmed.

(Opinion published 51 N. W. Rep. 611.)