EDWARD YANISH, Assignee, v. PIONEER FUEL COMPANY.[1]

February 16, 1895.

No. 9141.

**Insolvent Law of 1881—Judgment upon Default—Preference.**

A creditor commenced an action against an insolvent debtor to recover a pre-existing debt, and obtained judgment by default for want of an answer, and docketed the same; but the complaint was not filed in the clerk's office until the day before the judgment was entered. Ten days after the entry of such judgment the debtor made an assignment for the benefit of his creditors under the insolvency law of 1881. The assignee brought this action to set aside the lien of said judgment on the debtor's real estate, on the ground that the same is an unlawful preference under the statute. On the trial the court found that when the creditor com-

[1] Reported in 62 N. W. 387.

menced said action the debtor knew he was insolvent, and the creditor had reasonable cause to believe that the debtor was insolvent, but that during the pendency of the action the debtor remained passive, and neither hindered nor facilitated in any manner the obtaining of said judgment. *Held*, the statute imposes on the insolvent debtor the duty of preventing such preferences, and from the facts so found it appears that the lien of said judgment on said real estate is an unlawful preference, and should be set aside.

Action in the district court for Ramsey county by the assignee of St. Paul Electric Manufacturing & Construction Company to set aside a judgment against said company for $1,395 in favor of the defendant corporation, a levy upon execution, and a sale thereunder of certain real estate belonging to the insolvent. From an order denying in part plaintiff's motion to amend the findings, and from an order denying a new trial, Willis, J., plaintiff appealed. Reversed.

*O. E. Holman*, for appellant.

*Jones & McMurran* and *Kitchell, Cohen & Shaw*, for respondent.

CANTY, J. On September 25, 1893, the St. Paul Electric Manufacturing & Construction Company was indebted to the defendant, the Pioneer Fuel Company, on a pre-existing debt, and on that day the latter commenced an action against the former to recover said debt, and on October 18—23 days thereafter—entered and docketed judgment by default for want of an answer, but the complaint was not filed in the clerk's office until the day before the judgment was entered. Ten days thereafter—on October 28—the electric company made an assignment for the benefit of its creditors under the insolvency-law of 1881. A part of its assets consisted of certain real estate on which said judgment became a lien, and this action is brought by the assignee to set aside the lien of that judgment on that real estate, on the ground that the same is an unlawful preference under the statute. The action was tried by the court below without a jury, and the court found as findings of fact: "That at the time of the commencement of the action hereinbefore described the St. Paul Electric Manufacturing & Construction Company was insolvent, and had been for more than three months prior thereto, and at said date knew itself to be insolvent. That said Pioneer

Fuel Company at said time had reasonable cause to believe that said electric company was so insolvent. That said St. Paul Electric Manufacturing & Construction Company, during the pendency of said action, remained perfectly passive, and that it neither hindered nor facilitated in any manner said Pioneer Fuel Company in obtaining said judgment; and that there is no evidence in this case that either the said electric company or the said Pioneer Fuel Company did any act whatever with a view of allowing said Pioneer Fuel Company to obtain a preference over any creditor of said electric company." On these findings the trial court ordered judgment for defendant, and from an order denying a new trial plaintiff appeals.

Laws 1881, c. 148, § 4 (G. S. 1894, § 4243), provides: "Conveyances and payments made, and securities given, by any insolvent debtor, or a debtor in contemplation of insolvency, * * * with a view of giving a preference to any creditor upon a pre-existing debt, * * * shall be void as to all creditors or persons receiving the same, who shall have reasonable cause to believe that such debtor was insolvent." The position of the court below, and the contention of the respondent here, is that this judgment is not a "security given," within the meaning of this section; that the debtor merely remained passive, and suffered the judgment to be entered; that it was not entered or docketed by his connivance or collusion with the creditor, as was the case in Wright v. Fergus Falls Bank, 48 Minn. 120, 50 N. W. 1030, and that, therefore, it is not an unlawful preference. In order to determine this question, we must look at other sections of the act as well as section 4. Section 1, as amended by Laws 1889, c. 30, provides that "whenever any debtor shall have become insolvent" he may make an assignment under the act. Section 2, as so amended, provides: "Whenever any insolvent debtor shall confess judgment, or do anything whereby any of his creditors shall obtain preference over any other of his creditors, *or shall* omit to *do anything* which he might lawfully do to prevent any of his creditors from obtaining a preference over any other of his creditors," the court may, on the petition of creditors, appoint a receiver. Section 3 provides: "If any insolvent debtor shall confess or *suffer judgment* to be procured in any court, with intent that any one of his creditors shall obtain a preference over any other of his cred-

itors, such insolvent debtor shall be deemed guilty of a misdemeanor." If, immediately after this judgment was entered, an execution had been issued on it, and levied on the personal property of the debtor, the assignment would of itself, under the provisions of section 1, have released the levy. But it does not follow from this that such assignment, even though made within 10 days after the entry of judgment, will release the lien of the judgment on the debtor's real estate. Such lien must be set aside by an action, and can only be set aside when it is an unlawful preference. In re Church & Graves Manuf'g Co., 40 Minn. 39, 41 N. W. 241. Construing together the provisions of sections 1, 2, and 3, above quoted and referred to, and other provisions of this statute, we are of the opinion that the legislature intended to impose on the insolvent debtor the positive duty of preventing preference among his creditors. If the debt is due, and he has no bona fide defense, it is his duty, under the statute, to prevent such a preference by making an assignment before the proceedings for the collection of the debt have reached a stage where he cannot prevent the preference. If he willfully fails to perform his duty, it must be held that he intended the consequences of his own unlawful omission, that he intended to permit such creditor to take a preference, that he intended that such creditor should have a preference. The judgment lien so obtained is a "security given" by means of an intentional failure on his part to perform his duty. Clearly, a preference so obtained by his unlawful omission must be held to be an unlawful preference on the part of the insolvent debtor. The case of Wilson v. City Bank, 17 Wall. 473, is not in point. There is a material difference between the language of the bankruptcy act and our insolvent law. As construed by the court in that case, the bankruptcy act does not impose on the insolvent debtor the duty of preventing preferences among his creditors. It goes no further than to prohibit him from actively participating in the procurement to the creditor of such a preference. It permits him to remain passive while the creditor is by process of law obtaining a preference; our statute does not. We are of the opinion that from the facts found it appears that the lien of said judgment on said real estate is an unlawful preference, and should be set aside as such.

The order appealed from is reversed.