## ED. S. BEAN v. ALFRED SCHEFFER and Another.[1]

April 26, 1897.

Nos. 10,110—(5).

68   33<br>68  228

### Insolvency—Preference—Default Judgment.

In an action brought by an assignee in insolvency, under the laws of this state, to set aside a sheriff's certificate of sale of real property on execution, and the lien of the judgment under which this execution was issued, on the ground that the judgment, obtained by default for want of answer, was an unlawful preference under the statute, the court found that when the creditors commenced the original action the debtor knew he was insolvent; that the creditors knew him to be insolvent, and that the debtor well knew that the action was commenced against him for the express purpose of enabling the creditors to obtain an unlawful preference; and that, for such purpose, he willfully permitted the judgment to be obtained and docketed against him. *Held*, that there was no evidence upon which to base the finding that the debtor well knew that the action was commenced to obtain an unlawful preference, or that he willfully suffered the judgment to be obtained for such purpose.

### Yanish v. Pioneer, 60 Minn. 321, distinguished.

This case, upon the facts, distinguished from Yanish v. Pioneer, 60 Minn. 321.

### Preference—Intentions of Debtor.

It cannot be held, as a matter of law, that because a technically insolvent merchant or trader suffers an action to be commenced against him upon a claim against which he has no defense, by creditors who know him to be technically insolvent, and allows a judgment to be entered and docketed against him for want of answer, which judgment becomes a lien upon real property, the debtor intended to permit the judgment creditors to obtain an unlawful preference.

Appeal by defendants from a judgment of the district court for Ramsey county, in favor of plaintiff, entered in pursuance of findings and an order for judgment of Egan, J. Reversed.

*Morphy, Ewing & Gilbert,* for appellants.
*Henry & R. L. Johns,* for respondent.

COLLINS, J. Action by the assignee of an insolvent debtor to

[1] Reported in 70 N. W. 854.

cancel and annul a sheriff's certificate of the sale of real property upon execution, and to set aside and vacate the lien of the judgment on said real property upon which the execution issued, on the ground that, by means of the judgment lien and the sale, these defendants, as creditors of the insolvent, obtained an unlawful and forbidden preference over other creditors. A trial was had, and the court, upon findings of fact, ordered judgment against defendants and in favor of the plaintiff assignee. The appeal is from the judgment.

The court found, among other facts, that when the original action was commenced, and when judgment was entered and docketed therein in favor of these defendants, the debtor was insolvent; that each of these defendants then and there well knew him to be insolvent; that the action was brought and the judgment obtained by these defendants for the express purpose of securing an unlawful preference over other creditors; and that for this same purpose the debtor willfully suffered said action to be brought, and judgment by default to be entered and docketed against him. On appeal the defendants assign as error that the evidence was wholly insufficient to warrant either of these findings, and no other question has been raised by either party.

The facts, as shown upon the trial, were that Peyer, the debtor, had been engaged in the retail harness trade in the city of St. Paul for about 15 years prior to the year 1893, while Scheffer & Rossum, these defendants, were wholesalers of the same line of goods in the same city. Peyer had traded with Scheffer & Rossum for a long time, and his credit seems to have been good up to August, 1893. He then failed to meet his payments, and on November 18, the action in question was brought by service of a summons upon him. He had no defense, made no answer, and judgment by default was entered and docketed against him December 9, 1893, for the sum of $311.80. Upon this judgment an execution was duly issued, and duly levied upon his stock of goods December 12, 1893. Peyer made an assignment for the benefit of his creditors upon the same day, and the assignee (this plaintiff) immediately qualified and entered upon the discharge of his duties. The levy upon the stock of goods was at once released, and the execution returned unsatisfied.

June 22, 1894, an alias execution was issued upon the judgment, and a levy was made upon the real property in question. Such prop-

erty had been included in the assignment, and particularly described in the inventory. A sale upon the execution was made; defendants becoming the purchasers, and receiving a sheriff's certificate of sale therefor. The assignee had no actual knowledge of such sale until a few days after the year for redemption expired, and, upon hearing the fact, brought this action.

At the trial the insolvent testified that when he made the assignment his stock of goods exceeded $2,000 in value, but it also appeared from the evidence that the assignee had realized therefrom only $262, and had on hand goods of the value of about $200. From tenants occupying the real property in question at an agreed rental of $100 per month, the assignee had collected $1,625. No payments had been made to him for rents accruing after the year of redemption had expired, because of notice served on the tenants by these defendants. It was also shown that, at the time of the trial, creditors had filed claims against the estate aggregating $2,084.67. The defendants' claim of about $300 must be added to this in order to ascertain the indebtedness, which in all was less than $2,500. The real property in question was mortgaged for $7,000, and while the evidence clearly established the fact that in the two years intervening between the day of the assignment, in 1893, and the day of trial, in 1895, it had greatly depreciated in value, the court found as a fact that on the day last named such property was reasonably worth at least $5,000 over and above the incumbrance. From the record it does not appear whether the insolvent was personally liable for the amount due upon the mortgage, or whether he was indebted to creditors who had not filed their claims.

We therefore have a case where an action was brought and a judgment entered and docketed for about $300 against a person whose entire indebtedness did not exceed—we must assume—the sum of $2,500. His stock in trade, as disposed of at forced sale, was of the value of $462. He had an equity in real property worth at least $5,000, and which property brought to his estate $100 per month rentals. To put it in another form, he had property of the value of $5,462 with which to liquidate an indebtedness of less than two-fifths of that sum. And, in arriving at the value of his estate when the judgment was entered, we have wholly excluded any consideration of the fact that this real property was earning $100 per month in rentals, and that the as-

signee had actually collected $1,625 as rent prior to the day that the year of redemption formally expired.

By comparing these facts with those before us in Yanish v. Pioneer, 60 Minn. 321, 62 N. W. 387, it will be seen that they are wholly different. There it was practically conceded that by means of the judgment lien the creditors in fact secured a preference, and the inevitable conclusion was that such preference was forbidden and unlawful. The court said (page 324):

"Construing together the provisions of sections 1, 2, and 3, above quoted and referred to [Laws 1889, c. 30],[2] and other provisions of this statute, we are of the opinion that the legislature intended to impose on the insolvent debtor the positive duty of preventing preference among his creditors. If the debt is due, and he has no bona fide defense, it is his duty, under the statute, to prevent such a preference by making an assignment before the proceedings for the collection of the debt have reached a stage where he cannot prevent the preference. If he willfully fails to perform his duty, it must be held that he intended the [necessary] consequences of his own unlawful omission, that he intended to permit such creditor to take a preference; that he intended that such creditor should have a preference."

It must be admitted that the debtor, a merchant, was insolvent, as the word "insolvent," used in our insolvent laws, is defined in Daniels v. Palmer, 35 Minn. 347, 29 N. W. 162; and we are clearly of the opinion that these defendants had reasonable cause to believe him insolvent, within this definition, when they brought their action and obtained their judgment. But more than this is required in order to sustain the judgment in this case. There must have been evidence upon which to base the finding that the debtor suffered the action to be brought against him, and permitted judgment to be entered therein, willfuly, and with the intent to create an unlawful preference in behalf of these defendants. If the evidence fails to show this, an essential element in cases of this character is wholly wanting.

The debtor, when testifying, strenuously denied this intent, and there was nothing in the case in contravention, except the bare fact that, being technically insolvent, he remained passive when the action was brought, and, having no defense, permitted judgment to be entered by default. In extenuation of his failure to take any steps during

2 See G. S. 1894, §§ 4240, 4241, 4243.

the 20 days after the service of the summons, it was shown that he was confined to his bed by sickness all of this time, and only got up by a special effort when his goods were seized upon the first execution. He immediately undertook to borrow money to satisfy the execution, but, failing in this, promptly made an assignment. His acts, aside from his neglect to assign when sued, do not tend to support the finding.

And what was there in the condition of his property to indicate an intent upon his part to prefer one creditor over another? He had much more than enough to meet his obligations. Even if sacrificed at 50 per cent. of its value, and wholly excluding from consideration the monthly income of $100 received from his tenants, he could have had a surplus after paying every dollar of his indebtedness. A preference was not the reasonable or necessary consequence of his omission to make an assignment prior to the entry of judgment. A preference may have resulted from the fact that the assignee did not learn of the execution sale until after the year of redemption had expired, and from the fact that he did not promptly convert the insolvent's equity in the real property into money, but an intent to prefer must be gathered from the facts as they existed when the intent is alleged to have been formed.

The court below seems to have construed the opinion in the Yanish case as determining that whenever an action is brought against a person technically insolvent, to which he has no defense, it is incumbent upon him to make an assignment, and if he fails so to do, and judgment for want of answer is entered and docketed, and thus becomes a lien on his property, he intends that his creditor shall obtain and have an unlawful and forbidden preference. This to be so held as a matter of law. It was not intended, or even conjectured, that such a construction would be placed upon the opinion. Such a construction would effectually prevent a creditor from making any attempt to enforce the collection of a claim against a merchant or trader technically insolvent, no matter how much property he might have out of which his indebtedness might ultimately be made without detriment to the interests of other creditors. And it would compel the technically insolvent trader or merchant to make an assignment whenever an action is brought against him to which he has no defense, without

regard to his ability to pay in full and to then have a comfortable surplus.

On the facts here, we do not think there was any evidence tending to show that the debtor willfully failed to perform his duty as to an assignment, or intended, by omitting to assign for the benefit of his creditors, that these defendants should obtain a preference forbidden by law.

Judgment reversed.