ELMER E. FISHER v. G. P. UTENDORFER.[1]

May 12, 1897.

Nos. 10,312—(93).

### Insolvency—Preferences—What Constitute—Intent.

To render a conveyance or security voidable under the fourth section of the insolvency act of 1881, G. S. 1894, § 4243, an intent on part of the debtor to give or allow a preference to one creditor over others is essential, whether the preference is secured by the active conduct of the debtor or by his passive conduct in suffering judgment to be obtained against him without making an assignment for the benefit of all creditors.

### Same—Evidence as to Intent.

Such intent does not necessarily follow as a conclusion of law or inference of fact merely from the fact that one who is technically insolvent within the meaning of the statute allows judgment to be obtained against him without his making such an assignment.

### Same—Review of Former Decisions.

Former decisions reviewed and explained.

### Same—Who May Attack Conveyance.

A conveyance of or lien upon land cannot be avoided by a purchaser of the property from the assignee in insolvency merely on the ground that it constituted a preference in violation of the provisions of the insolvent law. This can only be done by the assignee or receiver himself, by legal proceedings instituted for that purpose.

### Same—Distinction Between Preference and Fraudulent Conveyance.

Distinction noted between conveyances merely voidable as preferential under the insolvent law and conveyances made by a debtor with intent to hinder and defraud his creditors.

Appeal by plaintiff from an order of the district court for Sibley county, Cadwell, J., denying a new trial. Reversed.

*Ed. H. Heubner* and *Taylor & Edwards*, for appellant.

The judgment lien on the debtor's real estate did not constitute an unlawful preference, for there was no intention on the part of the judgment debtor to give a preference. Wright v. Fergus Falls, 48 Minn. 120; In re Church, 40 Minn. 39. Nor had the judgment creditors reasonable cause to believe their debtor insolvent. It is only

[1] Reported in 71 N. W. 29.

when made to appear that the creditor had knowledge of such facts as are clearly sufficient to put him upon inquiry that he becomes chargeable with reasonable belief. Dow v. Sutphin, 47 Minn. 479; Baumann v. Cunningham, 48 Minn. 292. But even if the judgment lien shall be held to have constituted an unlawful preference, the defendant can not in this action avail himself of that. He can not attack the judgment lien, nor the plaintiff's title acquired thereunder, on the ground that it is a preference. In re Church, supra; Morgan v. Abbott, 148 Mass. 507; Tuite v. Stevens, 98 Mass. 305.

*Thos. Hessian,* for respondent.

Cited Yanish v. Pioneer, 60 Minn. 321; Thomas v. Beals, 154 Mass. 51; Hastings v. Heller, 47 Minn. 71; Shea v. Security, 67 Minn. 287; Campbell v. Jones, 25 Minn. 155; Freeland v. Freeland, 102 Mass. 475.

MITCHELL, J. In this action, which was brought to recover possession of certain real property, the plaintiff claimed title under a sale on execution under a judgment rendered and docketed August 28, 1893, against one Rothmund and in favor of the co-partnership of Dodson, Fisher & Co., of which plaintiff was a member, at which sale plaintiff bid in the property, and from which there had been no redemption. The defendant claimed title under a deed from the assignee in insolvency of Rothmund in an assignment for the benefit of all his creditors, executed September 5, 1893, pursuant to the insolvency law of 1881. In his answer defendant seeks to avoid the judgment and execution sale under which plaintiff claims, on the ground that it constituted an unlawful preference within the meaning of the fourth section of the insolvency law, G. S. 1894, § 4243. The court found that Rothmund was insolvent, and that Dodson, Fisher & Co. knew that fact when they commenced their action and when they obtained their judgment against Rothmund by default, but the court did not find that Rothmund suffered judgment to be taken against him with intent to give Dodson, Fisher & Co. a preference over his other creditors, nor did it make any findings that were equivalent to that.

There are, therefore, no findings which, under any view of the case, would support a judgment in favor of the defendant. His counsel

seems to assume that if any one who is insolvent within the meaning of the statute permits judgment to be taken against him without making an assignment for the benefit of all his creditors, the intent to give a preference necessarily follows as a conclusion of law or as a conclusive inference of fact. This assumption is based upon a misapprehension as to what was decided in Yanish v. Pioneer, 60 Minn. 321, 62 N. W. 387, to which we had occasion to refer in Bean v. Scheffer, supra, page 33, 70 N. W. 854. We have always held that, to avoid a transaction as an unlawful preference under the provisions of the insolvent act, three things must concur, viz.: (1) The insolvency of the debtor; (2) notice of that fact on part of the creditor; (3) an intent on part of the debtor to give a preference, or that a preference should be obtained. Baumann v. Cunningham, 48 Minn. 292, 51 N. W. 611.

We have also always held, or assumed as elementary law, that this intent is essential, whether the conduct of the debtor was active, as, for example, in making a payment or giving security, or merely passive, in suffering judgment to be taken against him without making an assignment for the benefit of all his creditors. In re Church, 40 Minn. 39, 41 N. W. 241; Wright v. Fergus Falls, 48 Minn. 120, 50 N. W. 1030. Of course, this intent may, in every case, be inferred from circumstances; and, as every man must be presumed to have intended the natural and necessary consequences of his own acts, the evidence may be conclusive, as where a debtor, knowing that he is insolvent, not merely technically within the meaning of the statute, but in the sense of an entire inadequacy of assets to pay all his debts, pays or actively secures one of his creditors, or passively permits one of his creditors to obtain a preference by taking judgment against him. Hastings v. Heller, 47 Minn. 71, 49 N. W. 400; Tripp v. Northwestern, 45 Minn. 383, 48 N. W. 4; Thompson v. Johnson, 55 Minn. 515, 57 N. W. 223; Penney v. Haugan, 61 Minn. 279, 63 N. W. 728.

But, however proved, and whether the conduct of the debtor is active or merely passive in failing to do something which he ought to do, in order to avoid a transaction as an unlawful preference under section four of the insolvency act of 1881, G. S. 1894, § 4243, the same intent on part of the debtor to give or allow a preference must exist which is required to make the act of omission or commission a mis-

demeanor under section three of the statute, G. S. 1894, § 4242. · In the Yanish case the debtor corporation was not merely technically insolvent, but hopelessly so in fact; and its officers must have known this, and yet, when sued by one of its creditors, they remained perfectly passive, and allowed judgment to be taken against the corporation by default, without making an assignment for the benefit of creditors. The trial court having found, however, that it, the insolvent corporation, neither hindered nor facilitated the creditor in obtaining the judgment, but remained strictly passive, the contention of counsel for the judgment creditor was that mere passive inaction on part of an insolvent debtor can never, under any circumstances, constitute an intent to give a preference, or to allow a preference to be obtained; that there must be some affirmative act on his part in order to constitute the giving of a preference within the meaning of the statute; that an insolvent debtor, when sued on a claim to which he has no defense, never, under any circumstances, owes the active duty of making an assignment in order to prevent the suing creditor from obtaining a preference over others. And the great effort of counsel was to distinguish the case on that ground from Wright v. Fergus Falls, supra, where the debtor actively colluded with the creditor in the attempt to secure a preference. What was said in the Yanish case was with reference to the state of facts before the court, and the contention of counsel in that case.

2. A question going more to the merits of this case is whether the defendant is in position to assail the judgment as an unlawful preference under the insolvent act. The assignee never took any steps to have the judgment lien or the execution sale set aside. He merely took possession of the premises, as he lawfully might do, whether the judgment was valid or voidable, as part of the insolvent's estate, and afterwards, with the approval of the court, sold and conveyed them to the defendant. The first deed executed to defendant purported to convey only such interest in the premises as the insolvent Rothmund had in the premises on the 5th day of September, 1893; while a subsequent deed, stated to have been executed to correct a mistake in the first, assumed to convey the premises. Both deeds assumed to be made by the assignee in his official capacity, but

neither of them made any mention of the judgment in favor of Dodson, Fisher & Co.

Defendant's contention is that, while the assignee had the election to avoid the judgment lien as an unlawful preference, and this election could only be exercised by himself, yet he was not bound to commence any action to avoid it, but, upon clearly manifesting his election to treat it as void, which it is claimed he did by selling the premises, he could convey the whole title to the property, in which case the right to contest the judgment would pass to the purchaser. In support of this proposition we are referred to Campbell v. Jones, 25 Minn. 155; Hastings v. Heller, supra; Shay v. Security, 67 Minn. 287, 69 N. W. 920; and Freeland v. Freeland, 102 Mass. 475. In Hastings v. Heller, which was the case of a mortgage on chattels, the right of the purchaser from the assignee to make the defense was not questioned by the mortgagee, and was not considered by the court. Campbell v. Jones involved merely the right of a purchaser at a sale made by a judgment creditor of land conveyed by his debtor with intent to defraud his creditors to contest with the fraudulent grantee the validity of the conveyance by the debtor. Freeland v. Freeland was also a case of land mortgaged by the debtor in fraud of his creditors, in which it was held that, the assignee in insolvency having elected to treat the conveyance as void, and sell and convey his whole interest in the land, the purchaser from him might contest the validity of the mortgage on the ground of such fraud. Shay v. Security was the case of a chattel mortgage which was void as to creditors because not filed, and it was held that the purchaser of the chattels from the assignee in insolvency had the same right as the assignee himself to avoid the mortgage on that ground.

It will be observed that in all these cases except Hastings v. Heller the conveyances or mortgages were not voidable because of any special provisions of the insolvency law, but, independently of it, because made in fraud of creditors. Where a debtor has conveyed his land with intent to defraud his creditors, it is the generally accepted law that his creditors are not required to first bring an action to set the conveyance aside, but may treat it as a nullity, and sell the property on execution against the debtor. The assignee or receiver in insolvency of the debtor, as the representative of the creditors, may do

the same thing, and in such cases a purchaser at execution sale or from the assignee or receiver may contest the validity of the conveyance on the ground of such fraud.

This rule as to land conveyed with intent to defraud creditors is somewhat exceptional in its nature, and has it foundation in somewhat exceptional and peculiar reasons. It proceeds upon the theory that such conveyances are void as to creditors ab initio, and one great purpose which the rule is designed to effect is that such conveyances shall not delay the creditor in the collection of his debt.

But a conveyance made or security given which is merely voidable, as preferential under the provisions of a bankrupt act, stands on a very different footing. So far as concerns the creditor who receives it, it is perfectly valid when made. He has a perfect legal right to take it, and merely takes his chances of having to surrender it in case insolvency proceedings are instituted by or against his debtor within 90 days. It is these proceedings alone which give a right of action to avoid it, and it is only voidable in proceedings under and in aid of the insolvent law. The creditor has a perfect legal right to retain his conveyance or security until the right to avoid it as preferential is asserted by the assignee or receiver, and, if he is compelled to surrender it, he has the right to prove his claim against his debtor's estate precisely as if it had never been made or given. To allow the assignee to ignore the conveyance, and, without taking any steps to set it aside, to sell the property, and then allow the purchaser to contest the validity of the conveyance or security merely on the ground that it constituted a preference voidable under the provisions of the insolvency act, would not only be inconsistent with the apparent intention of the act itself, but also work unjustly in practice.

The fourth section of the act, G. S. 1894, § 4243, which makes preferential conveyances, etc., void as to creditors, provides a remedy, to wit, that

"the assignee may, by action or other proper proceedings, have all such conveyances, payments, and preferences annulled and adjudged void and recover the property so conveyed, or the value thereof, and recover the payment so made."

This points strongly to the conclusion that this was intended to be the exclusive remedy, and that the assignee himself must assert the right, and that he must do so, whenever the right is denied, by suit or

other appropriate legal proceedings instituted for that purpose. Moreover, it is against public policy to permit property to be sold for the payment of debts where the title to it, or the nature and extent of the interest to be sold, is uncertain and doubtful. Such sales are likely to result in a sacrifice of the debtor's estate without satisfying the demands of creditors. No person is likely to bid anything like full value for property which is subject to the uncertain and speculative contingency that an apparently prior conveyance or paramount lien may be avoided.

The rule permitting the sale of property, under such conditions, for the payment of debts, ought not to be extended beyond its present limits. To hold otherwise might also work great injustice to the creditor, for, before he was advised that his conveyance or security was assailed, and the right to avoid it as preferential asserted, the insolvent's estate might be fully administered and distributed, and all opportunity for proving his claim gone. It is a noticeable fact that, while section 35 of the late federal bankrupt act was very similar to section four of our insolvent law, G. S. 1894, § 4243, we have not been able to find a case where a conveyance or security was assailed as an unlawful preference by any one except the assignee in bankruptcy. For these reasons our conclusion is that the defendant is not in position to assert the invalidity of this judgment on the ground that it constituted a preference in violation of the provisions of the insolvency law.

Order reversed.